**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 21-cv-01905-CMA-KMT

LAURA CIMINO, and
JOSEPH ROTHMAN,

      Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

      Defendant.

---

**ORDER SUSTAINING DEFENDANT'S OBJECTION TO ORDER OF THE UNITED
STATES MAGISTRATE JUDGE AND VACATING ORDER STAYING THE CASE**

---

This matter is before the Court on Defendant State Farm Fire and Casualty

Company's ("State Farm") Objection to Magistrate Judge Kathleen M. Tafoya's January

10, 2022 Order staying the case. (Doc. # 36.) The Court sustains the objection and

vacates the January 10, 2022 Order.

On December 30, 2021, Plaintiffs filed a Motion for Partial Summary Judgment

(Doc. # 26). Plaintiffs then filed a Motion to Stay Proceedings (Doc. # 29) pending this

Court's ruling on their Motion for Partial Summary Judgment. The Court referred the

Motion to Stay Proceedings to Judge Tafoya, who granted the motion and ordered the

case stayed on January 10, 2022, via minute order. (Doc. # 31). In so ordering, Judge

Tafoya indicated that she agreed with Plaintiffs' analysis that the *String Cheese* factors

weighed in favor of a stay. (*Id.*); *see String Cheese Incident, LLC v. Stylus Shows, Inc.*,

No. 1:02-CV-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006). At that time, State Farm had not responded to either Plaintiffs' Motion for Partial Summary Judgment (Doc. # 26) or Plaintiffs' Motion to Stay Proceedings (Doc. # 29), and the time to do so had not yet expired.

State Farm filed a Rule 56(d) Motion (Doc. # 33) with respect to Plaintiffs' Motion for Partial Summary Judgment on January 20, 2022. Therein, State Farm argues that the Court should defer ruling on the Motion for Partial Summary Judgment or deny it without prejudice pursuant to Fed. R. Civ. P. 56(d) until discovery is complete in this case. Plaintiffs filed a Brief in Opposition on January 23, 2022. (Doc. # 35).

State Farm filed the instant Objection to Judge Tafoya's Order Granting Plaintiffs' Motion to Stay Proceedings on January 24, 2022. (Doc. # 36). State Farm objects to the Order on the grounds that the Order was summarily entered four days after the Motion to Stay Proceedings was filed, before State Farm had an opportunity to respond. Further, State Farm objects that the *String Cheese* factors weigh heavily against staying the case and that continuing the discovery process is essential.

In considering objections to non-dispositive rulings by a Magistrate Judge, the Court may modify or set aside any portion of the order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). Thus, objections will be overruled unless the Court finds that the Magistrate Judge abused his or her discretion or, if after reviewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza v. U.S. West Communications, Inc.*, 167 F.R.D. 131, 133 (D. Colo.

1996) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

The Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). "Stays of all proceedings in a case are thus 'generally disfavored in this District' and are considered to be 'the exception rather than the rule.'" *Vreeland v. Tiona*, No. 17-cv-01580-PAB-SKC, 2021 WL 222410, at *2 (D. Colo. Jan. 22, 2021) (quoting *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015)). In determining whether to grant a stay, courts consider: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese*, 2006 WL 894955, at *2.

Upon reviewing the record in this case, the Court agrees with State Farm that it was error to grant Plaintiffs' Motion to Stay Proceedings (Doc. # 29) before State Farm had an opportunity to respond to the motion and without subsequent careful consideration of the *String Cheese* factors. It is clear from the documents submitted by the parties after Judge Tafoya's January 10, 2022 Order that the parties vigorously dispute whether it is appropriate (1) to stay discovery in this case pending the Court's ruling on Plaintiffs' Motion for Partial Summary Judgment, or, alternatively, (2) to defer ruling on Plaintiffs' Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P.

56(d) until discovery is complete. Therefore, the Court finds that resolution of Plaintiffs'

Motion to Stay Proceedings (Doc. # 29) is inappropriate until the motion is fully briefed

and the court is able to engage in a complete, thorough, and independent analysis of

the *String Cheese* factors.

Accordingly, the Court SUSTAINS Defendant's Objection to the Magistrate

Judge's Order Staying the Case (Doc. # 36). It is

FURTHER ORDERED that the January 10, 2022 Order Granting Plaintiffs'

Motion to Stay Proceedings (Doc. 31) is VACATED.

DATED:  January 26, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge