IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01905-CMA-MDB

LAURA CIMINO, and
JOSEPH ROTHMAN,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)**

---

This matter is before the Court on several motions: (1) Plaintiffs' Motion for Partial Summary Judgment (Doc. # 26); (2) Plaintiffs' Motion to Stay Proceedings (Doc. # 29); (3) Defendant's Motion Under Federal Rule of Civil Procedure 56(d) ("Rule 56(d) Motion") to continue or deny Plaintiffs' Motion for Partial Summary Judgment pending needed discovery (Doc. # 33); and (4) Plaintiffs' Renewed Motion to Stay Proceedings (Doc. # 39). For the following reasons, the Court grants Defendant's Rule 56(d) Motion, denies without prejudice Plaintiffs' Motion for Partial Summary Judgment, and denies as moot Plaintiffs' requests to stay proceedings.

    I.    **BACKGROUND**

This is an insurance action brought by Plaintiffs Laura Cimino and Joseph Rothman against their property insurer, Defendant State Farm Fire and Casualty

Company ("State Farm"), relating to hail damage at Plaintiffs' home in Colorado Springs. *See* (Doc. # 5.) Plaintiffs allege that after the parties could not agree on the amount of loss incurred by the hail damage, Plaintiffs invoked their right to have the amount of loss set by appraisal pursuant to the terms set forth in the insurance policy, Policy Number 06-CX-P668-1 (the "Policy"). (*Id.* at ¶¶ 11, 48–49.) Each party selected "a competent and disinterested appraiser" for the appraisal panel: Plaintiffs selected Trevor Karas, a public insurance adjuster, and State Farm selected Joel Furnace, an independent insurance appraiser. (Doc. # 26 at 8–9.) When the two appraisers were unable to agree on the amount of loss, the appraisers then selected an "umpire," Christian Weis, to add to the appraisal panel. (Doc. # 5 at ¶¶ 53–54; Doc. # 26 at 9.) Plaintiffs' chosen appraiser, Karas, and the umpire, Weis, ultimately signed the written appraisal award setting the amount of loss at $272,149.81 ("Appraisal Award"), which was $100,000 more than State Farm's estimate. (Doc. # 5 at ¶¶ 57, 60; Doc. # 26 at 9.) Plaintiffs allege that State Farm then unilaterally removed several line items from the Appraisal Award and withheld payment of $67,223.95, thus violating the terms of the Policy without a reasonable basis. (Doc. # 5 at ¶¶ 64–68.)

   Plaintiffs initiated this case in state court on June 10, 2021 (*id.*), and State Farm removed the action to federal court on July 14, 2021 (Doc. # 1). In their Complaint, Plaintiffs assert four claims: (1) declaratory relief; (2) breach of contract; (3) statutory unreasonable delay and denial of benefits; and (4) common law bad faith. *See* (Doc. # 5 at ¶¶ 72–113.)

On December 30, 2021, Plaintiffs filed their Motion for Partial Summary Judgment (Doc. # 26) with respect to their first claim for declaratory relief. They seek a declaratory judgment that:

> (1) State Farm must comply with the terms of the Policy and cannot modify or add terms or conditions that were not in the Policy at the time it was issued, (2) the appraisal may set the amount of loss for items that have been repaired, (3) the amount of loss set by appraisal is binding on State Farm, (4) State Farm may not unilaterally adjust the amount of loss set by appraisal, including any pricelist entered by the appraisal, [and] (5) State Farm must issue payment for the amount of loss set by the appraisal.

(*Id.* at 20–21.) In addition, Plaintiffs "request an order determining that State Farm has breached the contract as a matter of law in the amount of $67,223.95." (*Id.* at 21.) Plaintiffs also filed a Motion to Stay Proceedings (Doc. # 29) on January 6, 2022, on the grounds that discovery should be stayed until the Court resolves Plaintiffs' Motion for Partial Summary Judgment.[1]

On January 20, 2022, State Farm filed its Rule 56(d) Motion (Doc. # 33) requesting that the Court deny without prejudice Plaintiffs' Motion for Partial Summary Judgment or defer ruling pending needed discovery. Plaintiffs filed a Response in opposition to the Rule 56(d) Motion (Doc. # 35), and State Farm followed with its Reply (Doc. # 41).

---

[1] The Court referred Plaintiffs' Motion to Stay Proceedings (Doc. # 29) to Magistrate Judge Kathleen M. Tafoya. (Doc. # 30.) On January 10, 2022, Judge Tafoya granted the motion and ordered the case stayed, via minute order, before State Farm filed a response. (Doc. # 31.) State Farm objected to Judge Tafoya's order (Doc. # 36), arguing that a stay was not warranted in light of State Farm's Rule 56(d) Motion and that Judge Tafoya had erred by ruling before State Farm responded. In an Order dated January 26, 2022, this Court sustained State Farm's Objection, found that resolution of Plaintiffs' Motion to Stay Proceedings was inappropriate without further briefing, and vacated the January 10, 2022 order. *See* (Doc. # 37.) Although Plaintiff's original Motion to Stay Proceedings thus remained pending, Plaintiffs filed a Renewed Motion for Stay of Proceedings (Doc. # 39) on February 1, 2022.

Because the Rule 56(d) Motion requests that the Court deny without prejudice or defer ruling on Plaintiffs' Motion for Partial Summary Judgment pending needing discovery, the Court will first address the Rule 56(d) Motion.

## II.     LEGAL STANDARD

Under Rule 56(d), "the court may . . . defer considering [a summary judgment] motion or deny it" if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The general principle of Rule 56(d) is that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). However, Rule 56(d) "does not operate automatically." *Id.* "Its protections must be invoked and can be applied only if a party satisfies certain elements." *Id.* Specifically, a party seeking to invoke Rule 56(d) must provide an affidavit explaining why facts precluding summary judgment cannot be presented. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). "This includes identifying (1) 'the probable facts not available,' (2) why those facts cannot be presented currently, (3) 'what steps have been taken to obtain these facts,' and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id.* (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

### III.     DISCUSSION

State Farm argues that Plaintiffs' Motion for Partial Summary Judgment on their declaratory judgment claim should be denied without prejudice or deferred because State Farm lacks facts necessary to oppose it. (Doc. # 33 at 8.) State Farm asserts that Plaintiffs filed their motion "approximately four months before the discovery cutoff date and before Plaintiffs responded to any of State Farm's interrogatories or requests for production of documents." (*Id.* at 3.) Without discovery, State Farm contends that it will not be able to rebut critical aspects of Plaintiffs' declaratory judgment claim, including that "the amount of loss set by appraisal is binding on State Farm" and "State Farm has breached the contract as a matter of law in the amount of $67,223.95." Specifically, State Farm challenges the integrity of the appraisal process and argues that discovery could unearth "potential facts that could require *vacatur* of an underlying appraisal award that is the primary basis for this lawsuit." (*Id.* at 1.) State Farm argues that Plaintiffs' counsel, the Merlin Law Group ("Merlin"), "is infamous in Colorado for its association with appraisal awards that have been vacated by courts due to misconduct" and points to several cases in this district where courts vacated appraisal awards affiliated with Merlin. (*Id.* at 2.) State Farm's Rule 56(d) Motion is thus intended to allow State Farm the time to "uncover improper relationships between Plaintiffs' counsel, Plaintiffs' appraiser, and the selected umpire, in violation of the terms and conditions of the insurance policy, as well as other facts calling into question the underlying appraisal award." (*Id.* at 2–3.)

State Farm submitted a detailed affidavit by Evan B. Stephenson, a partner in the law firm of Spencer Fane LLP and one of the attorneys representing State Farm. (Doc. # 33-1.) Therein, State Farm describes the steps it has taken to obtain facts relating to the appraisal award, including:

- State Farm issued a subpoena duces tecum to Christian Weis and served it on Weis on September 16, 2021. In addition, State Farm sought to schedule a deposition with Weis. Weis provided some documents in response to the subpoena but failed to provide, among other documents, "his entire file regarding the appraisal" and "documents sufficient to identify other instances where he or his company served as a public adjuster, appraiser, umpire, consultant, or expert witness." Further, Weis did not provide documents sufficient to identify instances where he had been retained by Merlin or where he served in an adjustor or related role where the insured was represented by Merlin. From September 2021 to the date of the affidavit, in January 2022, State Farm continued to seek those documents and followed up on several occasions to schedule a deposition. Ultimately, State Farm issued another subpoena duces tecum to Weis on December 23, 2021, to testify at a deposition and for production of documents. As of the date of the affidavit, State Farm had not received responsive documents nor deposed Weis. (Doc. # 33-1 at ¶¶ 3–15.)

- Similarly, on October 1, 2021, State Farm first issued a subpoena duces tecum to Trevor Karas. Instead of responding to some of the requests for production, Karas requested that he be allowed to submit an affidavit advising as to how often he had been involved on a claim that involved Weis or Merlin. As of the date of the affidavit, State Farm had followed up with Karas's counsel and had not yet received a response or the affidavit. (*Id.* at ¶¶ 16–19.)

- State Farm served its First Set of Discovery Requests on Plaintiffs on November 23, 2021, and its Second Set of Discovery Requests on Plaintiffs on January 6, 2022. As of the date of the affidavit, Plaintiffs had not provided answers or responses to either set of interrogatories and requests for production of documents. (*Id.* at ¶¶ 3–5.)

The Court finds that State Farm has adequately shown that probable facts are not available, namely documents and deposition testimony that would clarify both Weis's and Karas's prior experience adjusting claims or serving in roles relating to claim

appraisal with each other and/or Merlin. State Farm has also showed the steps it has taken to obtain these facts, including serving discovery requests on Plaintiff, issuing subpoenas, attempting to schedule depositions, and following up repeatedly with counsel for Weis and Karas. In addition, State Farm attested that additional time would enable State Farm to obtain those facts: At the time of the affidavit, State Farm had a deposition scheduled with Weis for February 1, 2022, and was awaiting Plaintiffs' responses to discovery requests and the affidavit from Karas.

State Farm must also show "how the additional material will rebut the summary judgment motion." *Comm. for First Amendment*, 962 F.2d at 1522. To this point, Plaintiffs argue that discovery related to State Farm's "significant concerns regarding this appraisal" is "neither relevant to the claims or defenses of a party nor proportional to the needs of the case." (Doc. # 35 at 2.) Rather, Plaintiffs assert that their motion for partial summary judgment "seek[s] disposition from the Court as to whether the insurance policy allows either Party to restrict the amount of loss to be set by appraisal." (*Id.* at 2.) According to Plaintiffs, no discovery is necessary to rule on their motion for partial summary judgment because their declaratory judgment claim involves only undisputed facts and the appraisal provision of the insurance contract. (*Id.* at 6.)

The Court observes that Plaintiffs downplay the extent of the declaratory relief they seek in their Motion for Partial Summary Judgment. Plaintiffs certainly request that the Court interpret the language of the Policy and its appraisal provision, however, Plaintiffs also ask the Court to declare that "the amount of loss set by appraisal is binding on State Farm" and "State Farm has breached the contract as a matter of law in

7

the amount of $67,223.95." The Court agrees with State Farm that such a ruling would be premature if State Farm is potentially able to obtain facts it believes would support *vacatur* of the appraisal award.

Mindful that Rule 56(d) motions are to be treated liberally, and without making any findings or assumptions as to whether State Farm's discovery requests will yield information State Farm expects relating to the integrity of the appraisal award, the Court finds that State Farm has sufficiently demonstrated that it has not had the opportunity to uncover facts that could rebut the facts in Plaintiffs' Motion for Partial Summary Judgment. Accordingly, the Court finds that State Farm has met Rule 56(d)'s requirements and determines that Plaintiffs' Motion for Partial Summary Judgment should be denied without prejudice as premature.[2]

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant's Motion Under Federal Rule of Civil Procedure 56(d) In Response to Plaintiffs' Motion for Partial Summary Judgment (Doc. # 33) is GRANTED.

- Plaintiffs' Motion for Partial Summary Judgment (Doc. # 26) is DENIED WITHOUT PREJUDICE.

---

[2] The Court is mindful that discovery has been ongoing since January 26, 2022, when the Court vacated the order staying discovery. (Doc. # 39.) Upon review of the docket, it appears that State Farm has now received answers to its First and Second Discovery Requests and completed the deposition of Weis. (Doc. # 48.) However, the Court notes that the discovery cutoff date has been extended to November 18, 2022, and thus several months of discovery remain. (Doc. # 50.) Under these circumstances, the Court finds it most appropriate to deny Plaintiffs' Motion for Partial Summary Judgment without prejudice and permit Plaintiffs to refile should the Motion remain relevant.

- Accordingly, Plaintiffs' Motion for Stay of Proceedings (Doc. # 29) and Plaintiffs' Renewed Motion for Stay of Proceedings (Doc. # 39) are DENIED AS MOOT.

DATED:  July 19, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge